Case 4:15-cv-01621   Document 12   Filed in TXSD on 11/05/15   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 06, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CODY LEMONT ST. JUNIUS, § | |
| TDCJ #1548372, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. H-15-1621 |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice— § | |
| Correctional Institutions Division, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

State inmate Cody Lemont St. Junius (TDCJ #1548372) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 2008 state court conviction. (Docket Entry No. 1). At the Court's request, St. Junius has also filed a supplement to the petition regarding whether review is barred by the one-year statute of limitations that governs requests for relief under § 2254. (Docket Entry Nos. 7, 11). After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be dismissed for reasons set forth below.

### I.   BACKGROUND

St. Junius is currently incarcerated by the Texas Department of Criminal Justice — Correctional Institutions Division ("TDCJ") as the result of a 2008 conviction from the 182nd District Court of Harris County, Texas, in cause number 1120921.[1] St. Junius entered a guilty plea to murder charges in that case and received a 60-year prison sentence.[2] That conviction was

---

[1] Petition, Docket Entry No. 1, at 2.

[2] *Id.* at 2-3.

affirmed on direct appeal in an unpublished opinion. *See St. Junius v. State*, No. 01-09-00053-CR, 2009 WL 2396544 (Tex. App. — Houston [1st Dist.] Aug. 6, 2009) (per curiam). St. Junius did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

On October 10, 2014, St. Junius filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.[3] On January 12, 2015, the Texas Court of Criminal Appeals denied that application without a written order on findings made by the trial court without a hearing.[4]

On March 2, 2015, St. Junius filed a second state application for a writ of habeas corpus under Article 11.07.[5] On May 13, 2015, the Texas Court of Criminal Appeals dismissed that application under Article 11.07, § 4, as an abuse of the writ.[6]

On June 1, 2015, St Junius executed the pending petition for a federal writ of habeas corpus under 28 U.S.C. § 2254.[7] St. Junius contends that he is entitled to relief for the following reasons: (1) two witnesses were not called to testify during his punishment proceeding; (2) his attorney was deficient for failing to object to the State's closing argument, which requested the maximum punishment; (3) he was denied an evidentiary hearing on state habeas corpus review;

---

[3] *See State v. St. Junius*, No. 1120921-A, available at http://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Oct. 6, 2015).

[4] *See Ex parte St. Junius*, Writ No. 82,701-01, available at http://www.search.txcourts.gov/Case.aspx (last visited Oct. 6, 2015).

[5] *See State v. St. Junius*, No. 1120921-B, available at http://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Oct. 6, 2015).

[6] *See Ex parte St. Junius*, Writ No. 82,701-02, available at http://www.search.txcourts.gov/Case.aspx (last visited Oct. 6, 2015).

[7] Petition, Docket Entry No. 1, at 11.

(4) the Texas Court of Criminal Appeals misapplied the standard of review and ignored relevant evidence; and (5) there is "no evidence" that St. Junius intended to kill the victim, who was behaving in an aggressive, belligerent manner.[8]

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  According to the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).  A district court may dismiss a petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Because St. Junius challenges a state court judgment of conviction, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  As outlined above, St. Junius' conviction was affirmed on direct appeal on August 6, 2009.  That conviction became final thirty days later on or about September 6, 2009, when his time to file a petition for discretionary review expired. *See* TEX. R. APP. P. 68.2(a).  That date triggered the statute of limitations found in § 2244(d)(1)(A), which expired one-year later on September 6, 2010.  The pending petition, signed by St. Junius on June

---

[8] *Id*. at 6-8.

1, 2015, is late by nearly five years and is time-barred unless a statutory or equitable exception applies.

### A. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. Although St. Junius filed two state habeas corpus applications to challenge his conviction on collateral review, neither application has tolling effect for purposes of § 2244(d)(2) because both were filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

St. Junius has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

### B. Equitable Tolling

The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (quoting *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The habeas petitioner bears the burden of establishing that equitable tolling is warranted.  *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)).  St. Junius does not meet his burden to demonstrate that he is entitled to equitable tolling in this case.

St. Junius contends that his delay should be excused because the law library at his prison facility has been removing law books in favor of electronic resources (Lexis/Nexis).[9]  St. Junius contends that electronic resources are inadequate because the law librarians are "not educated enough to help [inmates] with research, other than to tell us to write what we need."[10]  The court notes, however, that the supplement filed by St. Junius contains appropriate case citations in support of his contention that equitable tolling is justified.[11]  Based on this record, St. Junius does not demonstrate that the electronic resources available to him are inadequate;[12]  nor does he attempt to show that the lack of law books prevented him from timely seeking relief before the statute of limitations expired in 2010.  St. Junius does not otherwise allege facts demonstrating that he sought relief with the requisite due diligence.  *See Holland*, 560 U.S. at 649.  Equitable tolling is not intended for those who "sleep on their rights." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). Because St. Junius has not established that he is entitled to tolling, his petition must be dismissed as barred by the governing one-year limitations period.

---

[9] Supplement to Petition, Docket Entry No. 11, at 1-2.

[10] *Id*. at 2.

[11] *See id*. at 2-3.

[12]  The Fifth Circuit has held that an inadequate law library is not a "rare and exceptional" circumstance that warrants equitable tolling of the AEDPA limitations period.  *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000) (citing *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000)).

### III.   CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petition was properly dismissed as untimely.  Therefore, a certificate of appealability will not issue.

### IV.   CONCLUSION AND ORDER

Accordingly, based on the foregoing, the court **ORDERS** as follows:

1.  This federal habeas corpus proceeding is **DISMISSED** with prejudice as barred

by the statute of limitations.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 5th day of November, 2015.

                                        MELINDA HARMON
                               UNITED STATES DISTRICT JUDGE